without the introduction of any evidence. From an examination of the entry papers it was found that the shortage reported in the affidavit was disallowed because it had not been verified by the inspector or measurer. Upon the filing of protest, a report was requested from the discharging inspector as to the correctness of the importer's claim of shortage. This report established there was no shortage and since there was no evidence to support the importer's claim, the protest was overruled.

**No. 50307.**—Protests 77347–K, etc., of R. L. Albert & Son, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JUNE 28, 1945

**No. 50308.**—Petition 6319–R of Burbank, Douglass & Co. (Portland, Maine).

Opinion by COLE, J. Petitioner's uncontradicted testimony showed that the price for the goods was advanced between the time the merchandise left the factory and when the steamer, upon which it was loaded, sailed; that the importer had no knowledge concerning such advance; and that prior to entry inquiry as to the value of this earthenware was made of the customs officials who had no information disputing the invoice values at which the entry was made. From an examination of the record and a consideration of all the circumstances relating to the entry and appraisement of the merchandise the court was convinced that the relief sought should be allowed. The petition was therefore granted.

BEFORE THE THIRD DIVISION, JUNE 28, 1945

**No. 50309.**—Protests 49587–K, etc., of Hahne & Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided

February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50310.—Protests 53029–K, etc., of Bloomingdale Bros., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50311.—Protests 54344–K, etc., of Anglo French Drug Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50312.—Protests 54348–K, etc., of Davidow, Inc., Sportswear et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.